IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| SAMSON SLADE COSTIGAN,<br><br>    Plaintiff,<br><br>  v.<br><br>STATE OF ALASKA DEPARTMENT OF CORRECTIONS*,*<br><br>    Defendant. | Case No. 3:24-cv-00111-SLG |

## ORDER OF DISMISSAL

On May 21, 2024, Plaintiff filed a complaint, civil cover sheet, motion to appoint counsel, and a notice of change of address.[1] Plaintiff alleges that DOC failed to provide him adequate mental health care from June 23, 2023, to May 12, 2024.[2] Because he did not pay the filing fee or file an application to proceed without prepaying the filing fee, the Court sent him an order notifying him of the deficiency.[3] Then, on July 22, 2024, Plaintiff wrote a letter to the Clerk of Court alleging he had mailed the application to the Court and indicating his intent to amend his complaint to add additional claims.[4]

---

[1] Dockets 1-3.

[2] Docket 1 at 5.

[3] Docket 5.

[4] Docket 7.

The Court takes judicial notice[5] of *Costigan v. Lawrence,* Case No. 3:24-cv-00038-SLG.[6] In both cases, Plaintiff claims on or about June 23, 2023, he was denied adequate medical or mental health care. In this case, he claims his rights were violated from June 23, 2023, through the date he filed the Complaint. He also specifically challenges a medical decision to discontinue his suboxone prescription in both cases.[7] Therefore, the Court finds these claims duplicative of the claims raised in *Costigan v. Lawrence,* Case No. 3:24-cv-00038-SLG. Further, because the State of Alaska and state agencies, such as DOC, are not considered "persons" under 42 U.S.C. § 1983,[8] Plaintiff could not sustain any claims against DOC in an amended complaint. For these reasons, the Court finds amendment would be futile and will not grant leave to amend in this case.[9]

**IT IS THEREFORE ORDERED:**

1. This case is **DISMISSED with prejudice.**

---

[5] Judicial notice is the "court's acceptance, for purposes of convenience and without requiring a party's proof, of a well-known and indisputable fact; the court's power to accept such a fact." BLACK'S LAW DICTIONARY (12th ed. 2024). *See also* Fed. R. Evid. 201 (a court can take judicial notice of its own files and records).

[6] The Court granted Plaintiff's application to proceed without prepaying the filing fee in that case. *See Costigan v. Lawrence,* Case No. 3:24-cv-00038-SLG, Docket 8.

[7] Docket 1 at 5.

[8] *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 70 (1989).

[9] See, e.g., *Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1041 (9th Cir. 2011) (dismissal without leave to amend is proper when amendment would be futile); *Chaset v. Fleer/Skybox Int'l, LP*, 300 F.3d 1083, 1087-88 (9th Cir. 2002) (denial of leave to amend is not an abuse of discretion if the "basic flaw" in the underlying facts cannot be cured by amendment).

Case No. 3:24-cv-000111-SLG, *Costigan v. DOC*
Order of Dismissal
Page 2 of 3
Case 3:24-cv-00111-SLG   Document 9   Filed 10/15/24   Page 2 of 3

2. All pending motions are **DENIED as moot.**

3. The Clerk shall issue a final judgment.

DATED this 15th day of October 2024, at Anchorage, Alaska.

*/s/ Sharon L. Gleason*
SHARON L. GLEASON
UNITED STATES DISTRICT JUDGE

Case No. 3:24-cv-000111-SLG, *Costigan v. DOC*
Order of Dismissal
Page 3 of 3
Case 3:24-cv-00111-SLG   Document 9   Filed 10/15/24   Page 3 of 3